UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                              :
RAFAEL GARCIA,                                              :

                                                    Petitioner,          :
                                     -v-                           :          12 Civ. 3792 (PAE) (HBP)
                                                                  :
                                                                  :          <u>OPINION & ORDER</u>
ERIC H. HOLDER, Attorney General;              :
PHILIP T. MILLER, Field Operation Director;  :
JANET NAPOLITANO, Secretary of DHS; and  :
SCOTT HASSEL, Warden,                       :

                                                  Respondents.  :
                                                                  :
------------------------------------------------------------------------X

PAUL A. ENGELMAYER, District Judge:

       Before the Court is the November 19, 2013 Amended Report and Recommendation of Magistrate Judge Henry B. Pitman, recommending that the Court dismiss plaintiff Rafael Garcia's habeas petition as moot. Dkt. 15 (the "Report"). For the reasons that follow, the Court adopts the Report.

**I.    Background**

       On May 9, 2012, *pro se* petitioner Rafael Garcia ("Garcia") filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging his continued detention by the United States Bureau of Immigration and Customs Enforcement. Dkt. 1. The petition claimed that respondents violated the Constitution and the Immigration and Nationality Act by subjecting petitioner to indefinite incarceration without periodic reviews of his detention or an individualized bail hearing. *Id.* at 18, 24. Respondents argued both that the Court lacked jurisdiction over the petition and that petitioner's claims lacked merit. Dkt. 10.

On November 1, 2013, Magistrate Judge Pitman issued a detailed Report and Recommendation, in which he recommended that the petition be transferred "to the only district court with jurisdiction over the petition:  the United States District Court for the Northern District of Alabama."  Dkt. 14 at 2.  The parties were granted 14 days to file any objections to the Report.  *Id.* at 19–20.

On November 14, 2013, counsel for respondents submitted a letter, informing Magistrate Judge Pitman for the first time that, in October 2012, the petitioner, Garcia, had been removed to the Dominican Republic.  Dkt. 16.  Included with respondents' letter was a sworn declaration from Scott Schrader, stating that Garcia had been removed to the Dominican Republic on October 4, 2012.  Dkt. 16, Ex. A.  Accordingly, respondents requested "that this petition be dismissed as moot, rather than transferred to the Northern District of Alabama."  Dkt. 16 at 1.

On November 19, 2013, Magistrate Judge Pitman issued the Amended Report and Recommendation that is now before this Court.  Dkt. 15.  Noting that counsel's "failure to advise [him] of petitioner's removal in a timely manner [was] inconsiderate (at best)"—a sentiment shared by this Court—Magistrate Judge Pitman nonetheless concluded that "petitioner's removal necessarily renders the petition moot."  *Id.* at 2 (citing *Ferry v. Gonzales*, 457 F.3d 1117, 1132 (10th Cir. 2006); *Soliman v. United States*, 296 F.3d 1237, 1242–43 (11th Cir. 2002)).  Accordingly, Magistrate Judge Pitman withdrew the November 1, 2012 Report and Recommendation, and recommended instead that Garcia's petition be dismissed as moot.  *Id.* at 2–3.  The parties were again granted 14 days to file any objections to the Report.  *Id.* at 3.  To date, the Court has not received any objections.

**II.     Discussion**

In reviewing a Report and Recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). When specific objections are made, "[t]he district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1); *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). To accept those portions of the report to which no timely objection has been made, "a district court need only satisfy itself that there is no clear error on the face of the record." *Carlson v. Dep't of Justice*, No. 10 Civ. 5149 (PAE) (KNF), 2012 WL 928124, at *1 (S.D.N.Y. Mar. 19, 2012) (citation omitted); *see also Wilds v. United Parcel Serv.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003).

Careful review of the well-reasoned Report reveals no clear error. On the contrary, the Court agrees with the Report's conclusion that Garcia's removal from the country renders his habeas petition moot. *See Remy v. Chadbourne*, 184 F. App'x 79 (2d Cir. 2006) (because the petitioner was "no longer in custody," the appeal of the dismissal of his habeas petition "should be dismissed as moot") (citing *Riley v. INS,* 310 F.3d 1253, 1257 (10th Cir. 2002)); *see also Leung v. Hoffman*, No. 09 Civ. 2528 (BSJ), 2009 WL 2956829, at *1 (S.D.N.Y. Sept. 15, 2009) (dismissing as moot petition challenging lawfulness of petitioner's immigration detention because ICE had already removed petitioner to China); *Williams v. I.N.S.*, No. 02 Civ. 3814 (GBD) (GWG), 2005 WL 1994102, at *2 (S.D.N.Y. Aug. 18, 2005) (because petitioner was removed to Nigeria, his habeas petition was moot, and "this Court lack[ed] subject matter jurisdiction to adjudicate it").

The Report, which is incorporated by reference herein, is adopted without modification.

## CONCLUSION

For the reasons articulated in Magistrate Judge Pitman's Report, Garcia's habeas petition is dismissed as moot. The Clerk of Court is respectfully directed to close this case and to make every effort to serve this Opinion and Order on Garcia, if his address in the Dominican Republic can be determined.

The parties' failure to file written objections precludes appellate review of this decision. *See Caidor v. Onondaga County*, 517 F.3d 601, 604 (2d Cir. 2008); *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (per curiam). The Court therefore certifies that any appeal from this order would not be taken in good faith and *in forma pauperis* status is denied for the purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

SO ORDERED.

_____
Paul A. Engelmayer
United States District Judge

Dated: December 11, 2013
       New York, New York